## A99A1624. MAUK v. THE STATE.
### (529 SE2d 197)

SMITH, Judge.

Having been indicted for the offenses of kidnapping, rape, and two counts of aggravated sodomy, Lynn George Mauk was convicted of the lesser offenses of false imprisonment and sodomy. His motion for new trial was denied, and he appeals. In Mauk's sole enumeration of error, he contends that his conviction for sodomy must be reversed in light of the decision of the Supreme Court of Georgia in *Powell v. State*, 270 Ga. 327 (510 SE2d 18) (1998). Because we find that *Powell* is not applicable to this case, we affirm the judgment below.

In *Powell*, the Supreme Court found that

> OCGA § 16-6-2, insofar as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent, manifestly infringes upon a constitutional provision which guarantees to the citizens of Georgia the right of privacy.

(Citation and punctuation omitted.) Id. at 336.

Mauk argues that "the record establishes" that the sodomy in this case was consensual and subject to the right of privacy. In fact, the record "establishes" no such thing. The victim testified clearly that the act was done against her will. She testified that Mauk forced her to leave his truck at knifepoint and tied her hands behind her back before biting her nipples, sodomizing her with a stick, and forcing her to perform oral sex. *Powell*, supra.

But even if the act was consensual, as urged by Mauk, *Powell* is inapplicable. The conduct at issue in *Powell* took place in the privacy of the defendant's home. *Powell*, supra. Here, the conduct for which Mauk was convicted took place outdoors in a wooded area adjacent to a public road. The conduct could easily be seen from the road. In fact, the incident came to light when a passerby, who had just dropped his wife off at work, went by in his truck and observed Mauk and the victim struggling. This was not a private place within the contemplation of *Powell*. A private place is a place " 'where one is entitled reasonably to expect to be safe from casual or hostile intrusion or surveillance.' " *Quintrell v. State*, 231 Ga. App. 268, 269-270 (1) (499 SE2d 117) (1998) (full concurrence as to holding cited).

> [A]n individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home. This rule is true to the conception of the right to privacy embodied in the Fourth Amendment. Open fields do not provide the setting for those intimate activities that the Amendment is intended to shelter from government interference or surveillance. There is no societal interest in protecting the privacy of those activities . . . that occur in open fields. *Oliver* [*v. United States*], 466 U. S. [170, 178-179 (104 SC 1735, 80 LE2d 214) (1984)]. Moreover, the Supreme Court observed in *Oliver*, supra at p. 180, fn. 11: An open field need be neither open nor a field as those terms are used in common speech. For example, a thickly wooded area nonetheless may be an open field as that term is used in construing the Fourth Amendment.

(Citations and punctuation omitted.) *Thomas v. State*, 203 Ga. App. 529, 533-534 (2) (417 SE2d 353) (1992) (physical precedent only). See also *Gravley v. State*, 181 Ga. App. 400, 402-403 (352 SE2d 589) (1986).

Even if the jury found by its verdict that the State did not prove that the sodomy was by force and against the victim's will, the evidence authorized the jury to find that the act of sodomy took place in a public place. The verdict is not inconsistent with such a finding. It

is therefore not within the ambit of *Powell*.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 2, 2000 —

*Garrett & Gilliard, Michael C. Garrett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.